# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OSCAR GARNER,**

    Plaintiff,

    -vs-                                  Case No. 15-CV-777

**JAMES MUENCHOW,**
**DONALD STRAHOTA,**
**MR. GREFF,**
**LT. SCHNEIDER,**
**LT. WALLER, and**
**FRANCIS PALIEKARA,**

    Defendants.

## DECISION AND ORDER

Oscar Garner, a Wisconsin state prisoner, filed an action under 42 U.S.C. § 1983, alleging that his First and Fourteenth Amendment rights were violated when he could not order prayer items while confined in disciplinary segregation. On September 30, 2015, the defendants filed a motion to dismiss for failure to allege personal involvement of Muenchow, Strahota, Greff, Schneider, and Paliekara. The plaintiff responded on October 15, 2015 (ECF No. 25), and the defendants replied on October 30, 2015 (ECF No. 28). For the reasons stated below, the Court will deny the defendants' motion.

## I. Complaint Allegations

The plaintiff, Oscar Garner, is an inmate at the Waupun Correctional Institution. Between November 2012 and March 2013, he was confined in B-range, *i.e.* disciplinary segregation, and had requested a copy of the prison's canteen catalog to order several religious items.[1] His request for a copy of the catalog was denied.

On November 27, 2012, the plaintiff wrote to Unit Manager Brian Greff stating that he was not allowed to order prayer items from the canteen catalog. Greff responded that he had not received anything from the plaintiff. On January 13, 2013, the plaintiff wrote to Greff again requesting to order prayer items from the canteen catalog. Greff responded in writing that the plaintiff should contact a Sergeant or Lieutenant to place his order. The next day, on January 14, 2013, Greff spoke with the plaintiff in person and told him that he would have to talk to Lieutenant Waller to order out of the catalog.

Later that day, on January 14, 2013, the plaintiff wrote a request to Lieutenant Waller and Lieutenant Schneider. Neither responded. The next day, on January 15, 2013, Waller spoke with the plaintiff in person.

---

[1] The items he sought included a Qur'an, prayer oil, prayer beads, a prayer rug, a Kufi cap, and paper and envelopes).

- 2 -

Waller told the plaintiff that "you can't order until you go to range-C and if you don't like it write a[n] [offender complaint]."

On February 4, 2013, the plaintiff wrote to Chaplain Francis Paliekara requesting a copy of the Qur'an. His letter indicated that segregation denied him the right to order his religious items. On February 9, 2013, Paliekara spoke with the plaintiff in person and told him that he should be able to order his religious items but that it would have to be through the Segregation Sergeant or the Unit Manager.

The plaintiff then filed an inmate complaint regarding his right to order prayer items while in B-range. James Muenchow, the Inmate Complaint Examiner, dismissed the complaint. He wrote that "allowing orders from the canteen catalog vendors would be an influx of property that would exhaust staff resources…" and that prison security and facility resources were reasonable restrictions on the right to practice religion in disciplinary segregation. Donald Strahota accepted the recommendation and dismissed the complaint on March 1, 2013.

On March 12, 2013, a different inmate in disciplinary segregation filed an inmate complaint regarding Muslim prayer items in B-range. The complaint was rejected as moot because Greff had since compiled a "Segregation Catalog" from which segregation inmates could order

religious items. The Segregation Catalog was handed out the week of March 18, 2013.

## II. Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint. *Triad Assocs., Inc. v. Chi. Hous. Auth.* 892 F.2d 583, 586 (7th Cir. 1989). The complaint must allege enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court accepts all well-pleaded factual allegations as true and draws all reasonable inference in favor of the non-moving party. *Lee v. City of Chi.*, 330 F.3d 456, 459 (7th Cir. 2003). A motion to dismiss is granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

## III. Discussion

The defendants seek to remove Muenchow and Strahota from the action because both are complaint examiners who were not "personally

involved" in the underlying constitutional violation. The defendants seek to remove Greff, Schneider, and Paliekara from the action because each individual's personal involvement in the matter was limited to "directing" the plaintiff to the prison official responsible for ordering religious items.

To state a §1983 civil rights claim, the petitioner must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004).

Liability under the statute is based on a defendant's personal involvement in the constitutional violation. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995). "A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Wolf–Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). A government employee is responsible for his or her own misdeeds but not for anyone else's. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

A prison official who knew about a constitutional violation, and had the ability to intervene, but failed to do so may be personally involved in the constitutional violation. *Fillmore v. Page,* 358 F.3d 496, 505–06 (7th

- 5 -

Cir. 2004). Indeed, an official who facilitates, approves, condones, or "turn[s] a blind eye" to a constitutional violation is liable under §1983. *See Vance v. Peters,* 97 F.3d 987, 992-93 (7th Cir. 1996) (quoting *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)). The plaintiff must allege that the official knew of or suspected the specific risk facing the plaintiff and "consciously ignored it or failed to stop the abuse once it was discovered." *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 792 (7th Cir. 2003).

An inmate's correspondence to a prison official, for example, can establish knowledge sufficient to impose liability under § 1983. *Vance,* 97 F.3d at 992–93. Once an official is provided with sufficient knowledge of a constitutional deprivation through a correspondence, "refusal or declination to exercise the authority of his or her office may reflect deliberate disregard." *Id.* Similarly, a complaint examiner who shows deliberate disregard toward his or her appointed tasks, *i.e.* refuses to do their job or routinely sends grievances to the shredder without reading them, is also liable under the statute. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).

In any event, "public officials do not have a free-floating obligation to put things to rights, disregarding rules…along the way." *Id.* at 595.

"Bureaucracies divide tasks" and "no prisoner is entitled to insist that one employee do another's job." *Id*. Therefore, §1983 does not allow for liability on a theory of *respondeat superior*, or vicarious liability. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978).

The plaintiff sufficiently alleged a §1983 claim against complaint examiners Muenchow and Strahota. He alleged that Muenchow and Strahota "attempted to cover up" a violation of the "SEG Handbook," § DAI 309.61.01, and prison policy by dismissing his complaint. He asserted that Muenchow and Strahota ignored a prison rule for the purpose of aiding prison colleagues, and in doing so, essentially refused to do their job. Therefore, the plaintiff sufficiently alleged personal involvement of both Muenchow and Strahota.

The plaintiff also sufficiently alleged a §1983 claim against Greff and Paliekara. The plaintiff alleged that he contacted Greff at least three times regarding his religious items. He alleged that he contacted Paliekara at least twice. Each time he was "directed" to another prison official. Although prisons may divide tasks for administrative efficiency, officials may not "turn a blind eye" to a known constitutional violation. Greff and Paliekara both incidentally agreed that the plaintiff was entitled to the religious items he requested yet both failed to intervene.

Therefore, the plaintiff alleged personal involvement of both Greff and Paliekara.

The plaintiff alleged that Schneider is vicariously liable due in large part to his position as a lieutenant in disciplinary segregation. The plaintiff asserted that Schneider was "in charge of segregation security" and "had an opportunity to enforce [W]aller to give me the catalogs..." However, the plaintiff also alleged that he wrote to Schneider, and Schneider ignored his letter. Although the defendants aptly note that the plaintiff does not detail the content of the letter to Schneider, the Court can reasonably infer that his letter related to the denial of prayer items because the entirety of plaintiff's complaint discusses only the denial of prayer items. Therefore, the plaintiff alleged a §1983 violation against Schneider.

## **ORDER**

**IT IS THEREFORE ORDERED THAT** the defendants' motion to dismiss (ECF No. 17) is **DENIED.**

Dated at Milwaukee, Wisconsin, this 24th day of February, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 8 -

Case 2:15-cv-00777-LA   Filed 02/24/16   Page 8 of 8   Document 30